742 P.2d 508

**In the Matter of Joseph David CAMACHO, An Attorney Admitted to Practice Before the Courts of the State of New Mexico.**

**No. 17208.**

Supreme Court of New Mexico.

Sept. 10, 1987.

Randall D. Van Vleck, Chief Deputy Counsel, for Board.

Joseph David Camacho, Albuquerque, pro se.

## OPINION

PER CURIAM.

This matter is before the Court following disciplinary proceedings conducted pursuant to NMSA 1978, Rules Governing Discipline (Repl.Pamp.1985) (now SCRA 1986, Rules Governing Discipline).

On December 8, 1986, a Specification of Charges was filed against Joseph Camacho (Camacho) alleging: that Camacho violated NMSA 1978, Code of Prof.Resp.Rule 1-102(A)(4) (Repl.Pamp.1985) (now SCRA 1986, 16-804(C)) by writing a check to Ramona McTeique which was subsequently dishonored for insufficient funds; that Camacho failed to maintain complete records of all funds coming into his possession and failed to render an appropriate accounting to his client in violation of NMSA 1978, Code of Prof.Resp.Rule 9-102(B)(3) (now SCRA 1986, 16-115(B); that Camacho violated NMSA 1978, Code of Prof.Resp.Rule 9-102(B)(4) (now SCRA 1986 16-115(B)) by failing to pay his client the funds she was entitled to; that Camacho violated NMSA 1978, Code of Prof.Resp.Rule 9-102(A) (now SCRA 1986, 16-115(A)) by commingling his personal funds with those of his clients; and that Camacho violated NMSA 1978, Code of Prof.Resp.Rule 1-102(A)(6) (now SCRA 1986, 16-804(H) by his cumulative conduct.

Prior to the hearing on these allegations, Camacho tendered to the hearing committee a conditional agreement pursuant to NMSA 1978, Rules Governing Discipline, R. 16 (Repl.Pamp.1985) (now SCRA 1986, 17-211). Based upon the hearing committee's report, the Disciplinary Board recommended that the conditional agreement be accepted and that the sanction requested in the agreement be imposed.

The misconduct alleged in the Specification of Charges is serious; however there does not appear to be any evidence of dishonest or illegal motives on Camacho's part. Camacho's misconduct is largely the result of sloppy recordkeeping. We are assured by Camacho that these problems have been addressed and will not recur in the future.

IT IS THEREFORE ORDERED that Camacho's license to practice law be suspended for a period of one year pursuant to SCRA 1986, 17-206(A)(2); and that said period of suspension is also deferred and Camacho is placed on probation under the following terms and conditions:

1. That Camacho meet with his supervisor at times specified by the supervisor;

2. That Camacho create a trust account, the checks of said account to contain the words "Trust Account" on them and to be a different color from his personal or business account checks;

3. That Camacho accept instruction from his supervisor on the correct procedures for maintaining and auditing his trust account;

4. That the supervisor certify to the Disciplinary Board, prior to the completion of the probationary period, that Camacho has received instruction and understands proper trust account management procedures;

5. That Camacho during the probationary period, submit to and bear the expense of one unannounced audit of his trust account and records, including corporate client records; and

6. That during the probationary period Camacho take and receive a passing grade on the Multistate Professional Responsibility Examination.

IT IS FURTHER ORDERED that Peter R. Moughan, Esq., be appointed and hereby is appointed to serve as Camacho's supervisor.

This opinion is to be published in the State Bar of New Mexico *Bar Bulletin* and in the *New Mexico Reports.* Costs of this action in the amount of $192.08 are assessed against Camacho and must be paid to the Disciplinary Board on or before December 31, 1987.

IT IS SO ORDERED.